CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 16, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL FRANK HEGGINS, ) | |
|    Petitioner, ) | Civil Action No. 7:24cv00627 |
| v. ) | |
| ) | |
| SHERIFF ANTONIO HASH, ) | By:  Elizabeth K. Dillon |
|    Respondent. ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Daniel Frank Heggins is in custody awaiting trial in federal court.  *See* Case No. 7:23-cr-42 (W.D. Va.)  Proceeding *pro se*, he filed this action, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Heggins contends that his attorney has provided ineffective assistance of counsel, he was subjected to an illegal search and seizure, and his ongoing detention violates the Eighth Amendment.  (Habeas Pet., Dkt. No. 1.)  He asks to be released from prison and that the charges pending against him be dismissed.

The "general rule" is that "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial."  *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017).  "If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen."  *Id.* (citing 17B Wright & Miller, Federal Practice and Procedure § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude use of [§ 2241] before trial.").)  Petitioner can seek relief for his claims in trial court.  If he is convicted, he can file an appeal, and if he is unsuccessful on direct appeal, he can proceed under 28 U.S.C. § 2255.  *See Medina*, 875 F.3d at 1026; *see also Horning v. Seifart*, 107 F.3d 11, 1997 WL 58620, at *1 (6th Cir. Feb. 11, 1997) (unpublished opinion) ("The habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution."); *Gadsden v. Koppel*, Civil No. ELH-13-

671, 2013 WL 2181205, at *1 (D. Md. May 17, 2013) ("Federal habeas courts will not interfere in pending federal criminal prosecutions where a defendant has available an adequate forum for his claims.") (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008), and *Timms v. Johns*, 627 F.3d 525, 530–30 (4th Cir. 2010)).

For these reasons, it is HEREBY ORDERED that this matter is DISMISSED without prejudice. The Clerk is directed to STRIKE this action from the active docket of the court.

Further, finding that Heggins has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c).

The Clerk is directed to transmit a copy of this order to Heggins.

Entered: September 16, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge